UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER NUNEZ,

                Plaintiff,

       -against-

NICOLE FRASER; OLIVIA GIEGERICH;
MARK SIMON; PACHECO (POLICE
OFFICER),

                Defendants.

24-CV-00999 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      In an order dated October 31, 2023, in another of Plaintiff's *pro se* actions that he brought in this court, the Court barred Plaintiff from filing any future civil action in this court *in forma pauperis* ("IFP") arising from his alleged eviction and other related alleged events set forth in that order, without first obtaining from the court leave to file. *Nunez v. Silber*, ECF 1:23-CV-0625, 20 (S.D.N.Y. Oct. 31, 2023) (mentioning, in the context of the eviction and the other related alleged events, claims against "(1) individuals who played some role in evicting Plaintiff and his father from a Manhattan apartment; (2) Plaintiff's father's caseworker; (3) Plaintiff's therapists; and (4) police officers who allegedly did not investigate Plaintiff's complaints about these events"),[1] *appeal pending*, No. 22-7763 (2d Cir.). Among the alleged events mentioned in that action were: (1) Plaintiff's May 15, 2018 eviction from his Manhattan apartment; (2) Plaintiff being locked out of that apartment on November 20, 2017; (3) proceedings before the Civil Court of the City of New York, Housing Part; (4) the failure of a New York City Human Resources Administration caseworker to provide Plaintiff's father with "services"; and

---

      [1] Among the Defendants named in the amended complaint in that matter were Nicole Fraser, Olivia Giegerich, Mark Simon, and Police Officer Pacheco. ECF 16.

(5) Plaintiff's accusations of fraud and identity theft that he reported to the New York City Police Department, and that were not investigated by Detective Pacheo. *See Nunez*, ECF 1:23-CV-0625, 17 (S.D.N.Y. Oct. 24, 2023).

On February 9, 2024, Plaintiff filed the present *pro se* action, and he seeks to proceed IFP. Plaintiff names as Defendants in this complaint the same Defendants that were named in *Nunez,* 23-CV-0625 (Nicole Fraser, Olivia Giegerich, Mark Simon, and Police Officer Pacheco), and he again asserts claims arising from his alleged eviction and the same related events discussed in *Nunez*, 23-CV-0625.[2] In a letter accompanying the complaint, Plaintiff asserts that the court should grant him leave to file because he cannot afford to pay the filing fees, and because his request is "not being made for the purpose of delay and [] is made in good faith and with a genuine belief in its necessity." (ECF 3.)

Here, Plaintiff filed a complaint that is substantially similar, and in fact virtually identical, to his prior complaints naming the same defendants and asserting the same claims. He provides no facts suggesting that he should be permitted to file another lawsuit against these individuals regarding these events. In short, this action is not a departure from his pattern of frivolous, duplicative, and non-meritorious litigation. The Court therefore denies Plaintiff's request for leave to file this new action IFP. The Court dismisses this action without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[2] This is the second complaint that Plaintiff has filed since the bar order was issued. *See Nunez v. Fraser*, ECF 1:23-CV-10750, 7 (LTS) (S.D.N.Y. Jan. 16, 2024) (dismissing complaint without prejudice for not complying with the bar order requiring him to seek leave to file).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   February 12, 2024
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge